# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:22–cv–02696–TSC</u>
### *Internal Use Only*

| | |
|---|---|
| POWDER RIVER BASIN RESOURCE COUNCIL et al v. DEPARTMENT OF THE INTERIOR et al | Date Filed: 09/07/2022 |
| Assigned to: Judge Tanya S. Chutkan | Jury Demand: None |
|  Case: 1:22–cv–01716–TSC | Nature of Suit: 893 Environmental Matters |
| Cause: 05:551 Administrative Procedure Act | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

| | | |
|---|---|---|
| **POWDER RIVER BASIN RESOURCE COUNCIL** | represented by | **Todd C. Tucci** |

ADVOCATES FOR THE WEST
P.O. Box 1612
Boise, ID 83702
(208) 342–7024
Email: <u>ttucci@advocateswest.org</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hannah A. Goldblatt**
ADVOCATES FOR THE WEST
3701 SE Milwaukie Avenue
Suite B
Portland, OR 97202
(503) 914–6388
Email: <u>hgoldblatt@advocateswest.org</u>
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah K. Stellberg**
ADVOCATES FOR THE WEST
P.O. Box 1612
Boise, ID 83701
208–342–7024
Email: <u>sstellberg@advocateswest.org</u>
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **WESTERN WATERSHEDS PROJECT** | represented by | **Todd C. Tucci** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hannah A. Goldblatt**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah K. Stellberg**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**U.S. DEPARTMENT OF INTERIOR**          represented by  **Michael Keith Robertson**
DOJ–ENRD
150 M Street, NE
Washington, DC 20002
202–305–9609
Email: michael.robertson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. BUREAU OF LAND
MANAGEMENT**          represented by  **Michael Keith Robertson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**CONTINENTAL RESOURCES, INC.**          represented by  **Alexander K. Obrecht**
BAKER & HOSTETLER LLP
1801 California Street
Suite 4400
Denver, CO 80202
(303) 861–0600
Fax: (303) 861–7805
Email: aobrecht@bakerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**L. Poe Leggette**
BAKER & HOSTETLER LLP
1801 California Street
Suite 4400
Denver, CO 80202
(303) 861–0600
Fax: (303) 861–7805
Email: pleggette@bakerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

| | | |
|---|---|---|
| **DEVON ENERGY PRODUCTION COMPANY, L.P.** | represented by | **Alexander K. Obrecht**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**L. Poe Leggette**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Movant**

| | | |
|---|---|---|
| **STATE OF WYOMING** | represented by | **D. David DeWald**<br>WYOMING ATTORNEY GENERAL'S OFFICE<br>109 State Capitol<br>Cheyenne, WY 82002<br>307–777–6199<br>Fax: 307–777–3542<br>Email: david.dewald@wyo.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Shannon Leininger**<br>WYOMING ATTORNEY GENERAL'S OFFICE<br>Water & Natural Resources Division<br>109 State Capitol<br>Cheyenne, WY 82002<br>307–777–5780<br>Fax: 307–777–3542<br>Email: shannon.leininger@wyo.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Travis S. Jordan**<br>WYOMING ATTORNEY GENERAL'S OFFICE<br>Water & Natural Resources Division<br>2320 Capitol Ave<br>Cheyenne, WY 82002<br>307–777–3539<br>Fax: 307–777–3542<br>Email: tsjordan@wyoming.com<br>*TERMINATED: 09/26/2024*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Movant**

| | | |
|---|---|---|
| **PETROLEUM ASSOCIATION OF WYOMING** | represented by | **Mark E. Champoux**<br>DAVIS GRAHAM & STUBBS LLP<br>1550 17th Street |

Suite 500
Denver, CO 80202
303–892–7493
Fax: 303–893–1379
Email: mark.champoux@davisgraham.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen C. Schroder**
DAVIS GRAHAM & STUBBS LLP
1550 17th Street
Suite 500
Denver, CO 80202
303–892–9400
Fax: 303–893–1379
Email: katie.schroder@davisgraham.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor**

**ANSCHUTZ EXPLORATION CORPORATION**

represented by **Andrew C. Lillie**
HOLLAND & HART LLP
555 17th Street
Suite 3200
Denver, CO 80202
303–295–8121
Email: aclillie@hollandhart.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kristina R. Van Bockern**
Holland & Hart LLP
555 17th Street
Suite 3200
Denver, CO 80202
303–295–8107
Fax: 720–545–9952
Email: trvanbockern@hollandhart.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark D. Gibson**
HOLLAND & HART LLP
1800 Broadway
Suite 300
Boulder, CO 80302
303–473–4837
Email: mdgibson@hollandhart.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**DEVON ENERGY PRODUCTION COMPANY, L.P.**

represented by **Alexander K. Obrecht**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**L. Poe Leggette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**CONTINENTAL RESOURCES, INC.**

represented by **Alexander K. Obrecht**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**L. Poe Leggette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**U.S. DEPARTMENT OF INTERIOR**

represented by **Michael Keith Robertson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**U.S. BUREAU OF LAND MANAGEMENT**

represented by **Michael Keith Robertson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**DEVON ENERGY PRODUCTION COMPANY, L.P.**

represented by **Alexander K. Obrecht**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**L. Poe Leggette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**CONTINENTAL RESOURCES, INC.**

represented by **Alexander K. Obrecht**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**L. Poe Leggette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**POWDER RIVER BASIN RESOURCE COUNCIL**                represented by      **Todd C. Tucci**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hannah A. Goldblatt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah K. Stellberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**WESTERN WATERSHEDS PROJECT**                represented by      **Todd C. Tucci**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hannah A. Goldblatt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah K. Stellberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/07/2022 | 1 | COMPLAINT against All Defendants ( Filing fee $ 402 receipt number ADCDC–9496889) filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons)(Tucci, Todd) (Entered: 09/07/2022) |
| 09/07/2022 | 2 | NOTICE OF RELATED CASE by All Plaintiffs. Case related to Case No. 22–cv–1716. (Tucci, Todd) (Entered: 09/07/2022) |
| 09/07/2022 | 3 | |

| | | |
|---|---|---|
| | | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by POWDER RIVER BASIN RESOURCE COUNCIL (Tucci, Todd) (Entered: 09/07/2022) |
| 09/07/2022 | 4 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by WESTERN WATERSHEDS PROJECT (Tucci, Todd) (Entered: 09/07/2022) |
| 09/07/2022 | 5 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Sarah K. Stellberg, Filing fee $ 100, receipt number ADCDC–9498182. Fee Status: Fee Paid. by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Declaration of Sarah K. Stellberg, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Tucci, Todd) (Entered: 09/07/2022) |
| 09/08/2022 | 6 | SUMMONS(2) Issued Electronically as to All Defendants. (Attachment: # 1 Notice and Consent)(zmrl) (Entered: 09/08/2022) |
| 09/08/2022 | | NOTICE OF ERROR re 1 Complaint; emailed to ttucci@advocateswest.org, cc'd 1 associated attorneys –– The PDF file you docketed contained errors: 1. Missing summonses–government. When naming a government agent or agency as a defendant, you must supply a summons for each defendant & two additional summonses for the U.S. Attorney & U.S. Attorney General. Please submit using the event Request for Summons to Issue., 2. **COMPLIANCE DEADLINE is by close of business today. This case will not proceed any further until all errors are satisfied.** (zmrl, ) (Entered: 09/08/2022) |
| 09/08/2022 | 7 | REQUEST FOR SUMMONS TO ISSUE filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Summons)(Tucci, Todd) (Entered: 09/08/2022) |
| 09/09/2022 | | Case Assigned to Judge Tanya S. Chutkan. (zmrl) (Entered: 09/09/2022) |
| 09/09/2022 | 8 | SUMMONS Issued Electronically as to All Defendants, U.S. Attorney and U.S. Attorney General (Attachment: # 1 Notice and Consent)(zmrl) (Entered: 09/09/2022) |
| 09/12/2022 | 9 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Hannah A. Goldblatt, Filing fee $ 100, receipt number ADCDC–9510538. Fee Status: Fee Paid. by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Declaration of Hannah A. Goldblatt In Support of Motion to Appear Pro Have Vice, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Tucci, Todd) (Entered: 09/12/2022) |
| 09/13/2022 | | MINUTE ORDER granting 5 , 9 *Motions for Leave to Appear Pro Hac Vice* as to **Sarah K. Stellberg** and **Hannah A. Goldblatt**.<br><br><span style="color:red">**Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions</span>. Signed by Judge Tanya S. Chutkan on 9/13/2022. (lcac) (Entered: 09/13/2022) |
| 09/13/2022 | 10 | NOTICE of Appearance by Sarah K. Stellberg on behalf of All Plaintiffs (Stellberg, Sarah) (Entered: 09/13/2022) |
| 09/14/2022 | 11 | NOTICE of Appearance by Hannah A. Goldblatt on behalf of All Plaintiffs (Goldblatt, Hannah) (Entered: 09/14/2022) |
| 09/26/2022 | 12 | |

| | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 9/19/2022. Answer due for ALL FEDERAL DEFENDANTS by 11/18/2022. (Attachments: # 1 Exhibit Certified Mail Receipts)(Stellberg, Sarah) (Entered: 09/26/2022) |
|---|---|---|
| 09/26/2022 | 13 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 9/19/2022. (Attachments: # 1 Exhibit Certified Mail Receipts)(Stellberg, Sarah) (Entered: 09/26/2022) |
| 09/26/2022 | 14 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DEPARTMENT OF THE INTERIOR served on 9/19/2022; U.S. BUREAU OF LAND MANAGEMENT served on 9/16/2022 (Attachments: # 1 Exhibit Certified Mail Receipts)(Stellberg, Sarah) (Entered: 09/26/2022) |
| 09/28/2022 | 15 | NOTICE of Appearance by Michael Keith Robertson on behalf of All Defendants (Robertson, Michael) (Entered: 09/28/2022) |
| 11/01/2022 | 16 | NOTICE of Appearance by L. Poe Leggette on behalf of CONTINENTAL RESOURCES, INC., Devon Energy Production Company, L.P. (Leggette, L.) (Entered: 11/01/2022) |
| 11/01/2022 | 17 | ENTERED IN ERROR.....RULE 26a1 STATEMENT. (Leggette, L.) Modified on 11/2/2022 refiled by counsel at entry 18 (zjm). (Entered: 11/01/2022) |
| 11/01/2022 | 18 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by CONTINENTAL RESOURCES, INC. (Leggette, L.) (Entered: 11/01/2022) |
| 11/01/2022 | 19 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by Devon Energy Production Company, L.P. (Leggette, L.) (Entered: 11/01/2022) |
| 11/01/2022 | 20 | MOTION to Intervene *as Defendants* by CONTINENTAL RESOURCES, INC., Devon Energy Production Company, L.P.. (Attachments: # 1 Memorandum in Support Statement of Points and Authorities in Support of Motion to Intervene as Defendants, # 2 Exhibit A – Proposed Answer, Counterclaim and Crossclaim, # 3 Declaration Rebecca A. Byram iso Motion to Intervene, # 4 Exhibit A to Byram Declaration, # 5 Exhibit B to Byram Declaration, # 6 Exhibit C to Byram Declaration, # 7 Exhibit D to Byram Declaration, # 8 Declaration of Emily Cozyris iso Motion to Intervene, # 9 Exhibit A to Cozyris Declaration, # 10 Text of Proposed Order)(Leggette, L.) (Entered: 11/01/2022) |
| 11/01/2022 | 21 | RESPONSE re 2 Notice of Related Case *(Objection)* filed by CONTINENTAL RESOURCES, INC., Devon Energy Production Company, L.P.. (Leggette, L.) (Entered: 11/01/2022) |
| 11/03/2022 | 22 | NOTICE of Appearance by Alexander K. Obrecht on behalf of CONTINENTAL RESOURCES, INC. (Obrecht, Alexander) (Entered: 11/03/2022) |
| 11/04/2022 | 23 | MOTION to Intervene by STATE OF WYOMING. (Attachments: # 1 Memorandum in Support, # 2 Proposed Answer, # 3 Text of Proposed Order)(Jordan, Travis) (Entered: 11/04/2022) |
| 11/04/2022 | 24 | |

| | | |
|---|---|---|
| | | NOTICE of Appearance by Travis S. Jordan on behalf of STATE OF WYOMING (Jordan, Travis) (Entered: 11/04/2022) |
| 11/04/2022 | 25 | NOTICE of Appearance by D. David DeWald on behalf of STATE OF WYOMING (DeWald, D. David) (Entered: 11/04/2022) |
| 11/04/2022 | 26 | RESPONSE re 2 Notice of Related Case *(Objection)* filed by STATE OF WYOMING. (Jordan, Travis) (Entered: 11/04/2022) |
| 11/04/2022 | | RESOLVED....NOTICE of Provisional/Government Not Certified Status re 22 NOTICE of Appearance by Alexander K. Obrecht on behalf of CONTINENTAL RESOURCES, INC. (Obrecht, Alexander). <br><br> Your attorney renewal has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney–renewal. <br><br> Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 11/11/2022. (zbaj) Modified on 11/7/2022 (zbaj). (Entered: 11/04/2022) |
| 11/15/2022 | 27 | REPLY re 2 Notice of Related Case *(Response to Proposed–Intervenors' Objections to Related–Case Designation)* filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Stellberg, Sarah) (Entered: 11/15/2022) |
| 11/15/2022 | 28 | RESPONSE re 23 MOTION to Intervene , 20 MOTION to Intervene *as Defendants* filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Goldblatt, Hannah) (Entered: 11/15/2022) |
| 11/17/2022 | 29 | NOTICE of Appearance by Mark E. Champoux on behalf of PETROLEUM ASSOCIATION OF WYOMING (Champoux, Mark) (Entered: 11/17/2022) |
| 11/17/2022 | 30 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Kathleen C. Schroder, Filing fee $ 100, receipt number ADCDC–9681137. Fee Status: Fee Paid. by PETROLEUM ASSOCIATION OF WYOMING. (Attachments: # 1 Declaration of Kathleen C. Schroder in Support of Motion for Admission Pro Hac Vice, # 2 Exhibit Certificate of Good Standing, # 3 Proposed Order)(Champoux, Mark) (Entered: 11/17/2022) |
| 11/17/2022 | 31 | MOTION to Intervene by PETROLEUM ASSOCIATION OF WYOMING. (Attachments: # 1 Declaration of Pete Obermueller, # 2 Exhibit 1 to Obermueller Declaration, # 3 Exhibit 2 to Obermueller Declaration, # 4 Exhibit 3 to Obermueller Declaration, # 5 Attachment–Complaint, # 6 [Proposed] Answer, # 7 Proposed Order)(Champoux, Mark) (Entered: 11/17/2022) |
| 11/17/2022 | 32 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by PETROLEUM ASSOCIATION OF WYOMING (Champoux, Mark) (Entered: 11/17/2022) |
| 11/17/2022 | 33 | RESPONSE re 2 Notice of Related Case filed by PETROLEUM ASSOCIATION OF WYOMING. (Champoux, Mark) (Entered: 11/17/2022) |

| 11/18/2022 | 34 | ANSWER to Complaint by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR.(Robertson, Michael) (Entered: 11/18/2022) |
|---|---|---|
| 11/22/2022 | 35 | REPLY re 23 MOTION to Intervene *to Intervene* filed by STATE OF WYOMING. (Jordan, Travis) Modified on 11/28/2022 to correct docket link/text (zjm). (Entered: 11/22/2022) |
| 11/22/2022 | 36 | REPLY re 27 Reply to Document *(Plaintiffs' Response to Proposed Intervenor–Defendants' Objections to Related–Case Designation* filed by STATE OF WYOMING. (Jordan, Travis) (Entered: 11/22/2022) |
| 11/22/2022 | 37 | REPLY to opposition to motion re 20 MOTION to Intervene *as Defendants*, 28 Response to motion *(Reply in Support of Motion to Intervene)* filed by CONTINENTAL RESOURCES, INC., Devon Energy Production Company, L.P.. (Leggette, L.) (Entered: 11/22/2022) |
| 11/22/2022 | 38 | REPLY re 27 Reply to Document, 21 Response to Document *(Reply in Support of Objection to Related–Case Designations)* filed by CONTINENTAL RESOURCES, INC., Devon Energy Production Company, L.P.. (Leggette, L.) (Entered: 11/22/2022) |
| 11/23/2022 | | MINUTE ORDER: Denying without prejudice 30 Motion for Admission Pro Hac Vice for failing to fully comply with Local Civil Rule 83.2(c)(2)(6). Affiants with offices located outside of the District of Columbia are still required to provide sufficient information for the court to determine whether the affiant "engages in the practice of law from an office located in the District of Columbia" and whether the affiant "is a member of the District of Columbia Bar or has an application for membership pending." Signed by Judge Tanya S. Chutkan on 11/23/2022. (lcja) (Entered: 11/23/2022) |
| 11/29/2022 | 39 | DECLARATION *(AMENDED)* by PETROLEUM ASSOCIATION OF WYOMING re 30 MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Kathleen C. Schroder, Filing fee $ 100, receipt number ADCDC–9681137. Fee Status: Fee Paid. filed by PETROLEUM ASSOCIATION OF WYOMING. (Champoux, Mark) (Entered: 11/29/2022) |
| 12/01/2022 | | Minute Order: Upon consideration of Movant PETROLEUM ASSOCIATION OF WYOMING's 39 Amended Declaration re 30 Motion for Leave to Appear Pro Hac Vice, Kathleen C. Schroder is hereby admitted pro hac vice to appear in this matter on behalf of Movant PETROLEUM ASSOCIATION OF WYOMING. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Tanya S. Chutkan on 12/01/2022. (lcja) (Entered: 12/01/2022) |
| 12/01/2022 | 40 | RESPONSE re 31 MOTION to Intervene *by Petroleum Association of Wyoming* filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Declaration of Sarah Stellberg, # 2 Exhibit 1 – PAW Website)(Stellberg, Sarah) (Entered: 12/01/2022) |
| 12/01/2022 | 41 | REPLY re 2 Notice of Related Case *(Response to Proposed–Intervenor PAW's Objection)* filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Stellberg, Sarah) (Entered: 12/01/2022) |
| 12/01/2022 | 42 | NOTICE of Appearance by Kathleen C. Schroder on behalf of PETROLEUM ASSOCIATION OF WYOMING (Schroder, Kathleen) (Entered: 12/01/2022) |
| 12/08/2022 | 43 | |

| | | |
|---|---|---|
| | | REPLY to opposition to motion re 31 MOTION to Intervene filed by PETROLEUM ASSOCIATION OF WYOMING. (Champoux, Mark) Modified on 12/12/2022 to correct docket link/ text(zjm). (Entered: 12/08/2022) |
| 12/14/2022 | 44 | AMENDED COMPLAINT *filed with the written consent of Defendants under FRCP 15(a)(2)* against U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR filed by WESTERN WATERSHEDS PROJECT, POWDER RIVER BASIN RESOURCE COUNCIL.(Stellberg, Sarah) (Entered: 12/14/2022) |
| 12/23/2022 | 45 | NOTICE *of Lodging of Proposed Answer to Plaintiffs' First Amended Complaint* by PETROLEUM ASSOCIATION OF WYOMING re 44 Amended Complaint (Attachments: # 1 Proposed Answer of Defendant–Intervenor Petroleum Association of Wyoming to Plaintiffs' First Amended Complaint)(Champoux, Mark) (Entered: 12/23/2022) |
| 12/27/2022 | 46 | NOTICE *of Lodging of Proposed Answer to Plaintiffs' First Amended Complaint* by STATE OF WYOMING re 44 Amended Complaint (Attachments: # 1 Proposed Answer to Plaintiffs' First Amended Complaint)(Jordan, Travis) (Entered: 12/27/2022) |
| 12/28/2022 | 47 | MOTION to Intervene by ANSCHUTZ EXPLORATION CORPORATION. (Attachments: # 1 Exhibit Declaration of Joseph DeDominic, # 2 Exhibit AEC's Proposed Motion to Dismiss or Transfer Venue, # 3 Text of Proposed Order)(Gibson, Mark) (Entered: 12/28/2022) |
| 12/28/2022 | 48 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by ANSCHUTZ EXPLORATION CORPORATION (Gibson, Mark) (Entered: 12/28/2022) |
| 12/28/2022 | 49 | ANSWER to 44 Amended Complaint by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR.(Robertson, Michael) (Entered: 12/28/2022) |
| 12/28/2022 | 50 | *Notice of Lodging AND* ANSWER to 44 Amended Complaint , CROSSCLAIM against US DEPT OF INTERIOR, U.S. BUREAU OF LAND MANAGEMENT, COUNTERCLAIM against POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT by DEVON ENERGY PRODUCTION COMPANY, L.P., CONTINENTAL RESOURCES, INC.. (Attachments: # 1 Exhibit A – Proposed Amended Answer)(Leggette, L.) (Entered: 12/28/2022) |
| 12/30/2022 | | MINUTE ORDER: GRANTING Continental Resources, Inc and Devon Energy Production Company L.P.'s 20 Motion to Intervene; GRANTING the State of Wyoming's 23 Motion to Intervene; and GRANTING Petroleum Associations of Wyoming's 31 Motion to Intervene. Plaintiffs do not oppose intervention by the four named Defendant–Intervenors, but instead request that the court impose briefing restrictions on Defendant–Intervenors that are analogous to restrictions set in *Center for Bio. Diversity et al. v. U.S. Dept. of the Interior et al* 22–cv–01716. *See* ECF No. 28 at 1–2; ECF No. 40 at 1–2. However, given that the court is now only granting four parties intervention status, the court will not impose briefing restrictions on Defendant–Intervenors at this stage. The court will rule on the Motions in Opposition to Relatedness, *see* ECF No. 21 , 26 , and 33 , in due course. Signed by Judge Tanya S. Chutkan on 12/30/2022. (lcja) (Entered: 12/30/2022) |
| 01/11/2023 | 51 | RESPONSE re 47 MOTION to Intervene filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Stellberg, Sarah) |

| | | |
|---|---|---|
| | | (Entered: 01/11/2023) |
| 01/17/2023 | | MINUTE ORDER: GRANTING Anschutz Exploration Corp.'s <u>47</u> Motion to Intervene, as Plaintiffs do not oppose, *see* ECF No. 51. Signed by Judge Tanya S. Chutkan on 1/17/2023. (lcja) (Entered: 01/17/2023) |
| 01/17/2023 | | MINUTE ORDER: Having granted motions to intervene by Continental Resources, Inc, Devon Energy Production Company L.P., State of Wyoming, Petroleum Associations of Wyoming, and Anschutz Exploration Corp., *see* Min. Order, 12/30/2022 and Min. Order, 01/17/2023 ("GRANTING Anschutz Exploration Corp.'s <u>47</u> Motion to Intervene"), it is hereby ORDERED that Defendant–Intervenors, save the State of Wyoming, shall consolidate all further motions, pleadings, memoranda, or other filings in this action, styling any filing as a joint filing "On Behalf of Defendant–Intervenors." To the extent that any such Defendant–Intervenor wishes to make a distinct argument, as part of a joint filing, such argument shall be made in an addendum limited to no more than five pages. It is further ORDERED that the State of Wyoming may file separate briefings but must still endeavor to coordinate with Federal Defendants and Defendant–Intervenors to incorporate by reference applicable law and facts, join arguments when appropriate, and avoid duplicative arguments. Any filing by a Defendant–Intervenor in contravention of this order and without leave of court, may be stricken *sua sponte*. Signed by Judge Tanya S. Chutkan on 1/17/2023. (lcja) (Entered: 01/17/2023) |
| 01/17/2023 | | MINUTE ORDER: The Court construes Defendant–Intervenor's Responses re <u>2</u> Notice of Related Cases, *see* ECF No. <u>21</u> , <u>33</u> , as motions in opposition to relatedness; both are DENIED. On September 7, 2022, Plaintiffs asserted that this matter is related to *Ctr. for Bio Diversity v. U.S. Dep't of Interior* 22–cv–1716, pursuant to Local Rule 40.5(a)(3) because it "relates to common property", "involved common issues of fact", and "grows out of the same event or transaction". *See* ECF No. 2. The Court agrees with Plaintiffs that this matter involves issues of fact that are common to *Ctr. for Bio Diversity* and will not reassign the case. Local Rule 40.5 intends to promote judicial economy where assigning related cases to different judges might produce conflicting decisions. *See Corsi v. Mueller*, No. 18–cv–2885 (RJL), 2019 WL 11322508, at *1 (D.D.C. Jan. 3, 2019). This matter challenges 362 of the same federal drilling permits which are part of the Converse County Oil and Gas Project in Wyomings Powder River Basin; both cases require review of the Converse County Project Environmental Impact Statement and Record of Decision; and there are overlapping legal theories, including violations of the National Environmental Policy Act and the Federal Land Policy Management Act. Although factual differences exist between these two cases, they are nonetheless related because there are clearly issues of fact that are common to both. *E.g., Assiniboine & Sioux Tribe of Fort Peck Indian Reservation v. Norton*, 211 F. Supp. 2d 157, 160 (D.D.C. 2002). Signed by Judge Tanya S. Chutkan on 1/17/2023. (lcja) (Entered: 01/17/2023) |
| 01/17/2023 | | SHOW CAUSE MINUTE ORDER: All parties shall meet and confer and file a joint report, briefing whether this case should (i) be consolidated with related case 22–cv–1716, and/or (ii) be stayed pending resolution of case 22–cv–1716, by no later than February 8, 2023. The parties' joint response shall be limited to no more than twelve pages and accompanied by a proposed order. The parties shall give ample consideration to whether the briefing schedule in *Ctr. For Bio Diversity* 22–cv–01716 should be modified if the cases are consolidated. Signed by Judge Tanya S. Chutkan on 1/17/2023. (lcja) (Entered: 01/17/2023) |

| | | |
|---|---|---|
| 01/17/2023 | 52 | NOTICE of Appearance by Andrew C. Lillie on behalf of ANSCHUTZ EXPLORATION CORPORATION (Lillie, Andrew) (Entered: 01/17/2023) |
| 01/17/2023 | 54 | DECLARATION of Joseph DeDominic by ANSCHUTZ EXPLORATION CORPORATION. (zjm) (Entered: 01/19/2023) |
| 01/17/2023 | 55 | MOTION to Dismiss, MOTION to Transfer Case by ANSCHUTZ EXPLORATION CORPORATION. (zjm) (Entered: 01/19/2023) |
| 01/18/2023 | 53 | MOTION to Dismiss *Continental and Devon's Counterclaim and Crossclaim* by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Text of Proposed Order)(Stellberg, Sarah) (Entered: 01/18/2023) |
| 01/23/2023 | | MINUTE ORDER: Briefing on all pending motions is hereby stayed until further order of the Court. The Court will consider the parties' response to the January 17, 2023 Show Cause Order, due February 8, 2023, and will then issue an order directing the parties on how to proceed in this matter. Signed by Judge Tanya S. Chutkan on 1/23/2023. (lcja) (Entered: 01/23/2023) |
| 01/25/2023 | 56 | Unopposed MOTION for Temporary Relief from Local Civil Rule 7(n) by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR. (Attachments: # 1 Text of Proposed Order)(Robertson, Michael) (Entered: 01/25/2023) |
| 01/26/2023 | | MINUTE ORDER: Defendants' 56 Unopposed Motion for Temporary Relief from Local Civil Rule 7(n) is hereby GRANTED. Defendants are temporarily relieved from filing, or proposing a deadline for filing, a certified list of the contents of the Administrative Record. To the extent that the parties' joint status report, due February 8, 2023, would propose moving forward with briefing in this case, the parties shall also propose a new deadline for Defendants to comply with their Local Rule 7(n) obligation. Signed by Judge Tanya S. Chutkan on 1/26/2023. (lcja) (Entered: 01/26/2023) |
| 01/27/2023 | | Set/Reset Deadlines: Joint Status Report due by 2/8/2023. (tb) (Entered: 01/27/2023) |
| 02/08/2023 | 57 | Joint STATUS REPORT by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Text of Proposed Order)(Stellberg, Sarah) (Entered: 02/08/2023) |
| 02/14/2023 | 58 | SCHEDULING ORDER: Motions to dismiss, for judgment on the pleadings, to transfer, and for preliminary injunction and responsive pleadings to any pending cross–claim or counterclaim are due March 13, 2023; Responsive Briefs are due April 10, 2023; and Reply Briefs are due May 1, 2023. The parties shall meet and confer and propose a schedule for production of the administrative record, no later than February 28, 2023. All pending motions, ECF Nos. 55 and 56, are hereby dismissed without prejudice. Signed by Judge Tanya S. Chutkan on 2/14/2023. (lcja) (Entered: 02/14/2023) |
| 02/15/2023 | | Set/Reset Deadlines: Motions due by 3/13/2023. Responses due by 4/10/2023. Replies due by 5/1/2023. (tb) (Entered: 02/15/2023) |
| 02/28/2023 | 59 | Joint STATUS REPORT *on Proposed Administrative Record Schedule* by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR. (Attachments: # 1 Text of Proposed Order)(Robertson, Michael) (Entered: 02/28/2023) |
| 03/01/2023 | 60 | |

| | | |
|---|---|---|
| | | NOTICE *of Position on Proposed Administrative Record Schedule* by STATE OF WYOMING re <u>59</u> Status Report (Jordan, Travis) (Entered: 03/01/2023) |
| 03/02/2023 | <u>61</u> | NOTICE *Private Defendants–Intervenors' Position on Proposed Administrative Record Schedule* by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P. re <u>60</u> Notice (Other), <u>59</u> Status Report (Leggette, L.) (Entered: 03/02/2023) |
| 03/02/2023 | | MINUTE ORDER: Having considered the parties' <u>59</u> Joint Status Report, the State of Wyoming's <u>60</u> Notice, and Private Defendant–Intervenors' <u>61</u> Notice, the Court will adopt the administrative record production schedule as proposed by federal Defendants. No later than March 7, 2023, federal Defendants shall file a proposed order which sets out in detail the administrative record production schedule as proposed in the "Joint Statement" and "Defendants' Proposal" sections of the joint status report, ECF No. 59 at 2–3, 8–9. The current proposed order has no proposed dates or actions and is insufficient to serve as a scheduling order in this matter. Signed by Judge Tanya S. Chutkan on 3/2/2023. (lcja) (Entered: 03/02/2023) |
| 03/02/2023 | | Set/Reset Deadlines: Proposed Order due by 3/7/2023. (tb) (Entered: 03/02/2023) |
| 03/07/2023 | <u>62</u> | NOTICE of Proposed Order by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR (Robertson, Michael) (Entered: 03/07/2023) |
| 03/08/2023 | <u>63</u> | Scheduling Order: The Administrative Record production schedule shall proceed in three stages, with the final production due no later than October 13, 2023. If no Motions to Complete or Supplement the AR are filed, then by no later than November 24, 2023, Federal Defendants shall file a certified list of AR contents in compliance with Local rule 7(n). If a Motion to Complete or Supplement the AR is filed, then by no later than November 24, 2023, or 28 days after the Court's disposition of the last AR Motion, whichever occurs later, Federal Defendants shall produce their Rule 7(n) certified list and complete production of documents agreed or ordered to be added to the AR (if any). The parties shall submit a proposed summary judgment briefing schedule no later than September 22, 2023. (See the Scheduling Order for further details). Signed by Judge Tanya S. Chutkan on 3/8/2023. (lcja) (Entered: 03/08/2023) |
| 03/08/2023 | | Set/Reset Deadlines: Proposed Order due by 3/7/2023. (tb) (Entered: 03/08/2023) |
| 03/13/2023 | <u>64</u> | MOTION for Preliminary Injunction by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # <u>1</u> Memorandum in Support, # <u>2</u> Text of Proposed Order, # <u>3</u> Ex 1 – Declaration of Shannon Anderson, # <u>4</u> Ex 2 – Declaration of Maria Katherman, # <u>5</u> Ex 3 – Declaration of Leland Turner, # <u>6</u> Ex 4 – Declaration of Erik Molvar, # <u>7</u> Ex 5 – Declaration of Donal O'Toole, # <u>8</u> Ex 6 – Converse County ROD, # <u>9</u> Ex 7 – Converse County FEIS, # <u>10</u> Ex 8 – Converse County FEIS Appendices A, H, # <u>11</u> Ex 9 – Comment Letters, # <u>12</u> Ex 10 – APD Decision Index, # <u>13</u> Ex 11 – APD Records Part I, # <u>14</u> Ex 12 – APD Records Part II, # <u>15</u> Ex 13 – APD Records Part III, # <u>16</u> Ex 14 – BLM NEPA Handbook, # <u>17</u> Ex 15 – PIM 2018–014, # <u>18</u> Ex 16 – Examples of other BLM oil, gas projects, # <u>19</u> Ex 17 – EPA.gov, Health and Envt'l Effects of PM, # <u>20</u> Ex 18 – EPA.gov, Basic Information about Air Pollution Standards, # <u>21</u> Ex 19 – GAO Report on Energy Policy Act CXs, # <u>22</u> Ex 20 – Declaration of Chris Johnson)(Stellberg, Sarah) (Entered: 03/13/2023) |
| 03/13/2023 | <u>65</u> | MOTION to Dismiss *Continental and Devon's Counterclaim and Crossclaim* by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS |

| | | |
|---|---|---|
| | | PROJECT. (Attachments: # 1 Text of Proposed Order)(Stellberg, Sarah) (Entered: 03/13/2023) |
| 03/13/2023 | 66 | Joint MOTION to Transfer Case *Motion to Transfer Venue* by ANSCHUTZ EXPLORATION CORPORATION. (Attachments: # 1 Exhibit Addendum to Joint Motion)(Lillie, Andrew) (Entered: 03/13/2023) |
| 03/13/2023 | 67 | Joint MOTION to Dismiss by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Attachments: # 1 Exhibit AEC Addendum, # 2 Exhibit A, # 3 Text of Proposed Order)(Leggette, L.) (Entered: 03/13/2023) |
| 03/13/2023 | 68 | Joint MOTION to Transfer Case *Motion to Transfer Venue* by ANSCHUTZ EXPLORATION CORPORATION. (Attachments: # 1 Addendum to Joint Motion to Transfer Venue, # 2 Proposed Order Granting Joint Motion to Transfer Venue)(Lillie, Andrew) (Entered: 03/13/2023) |
| 03/13/2023 | 69 | VACATED PURSUANT TO MINUTE ORDER FILED ON 12/1/2023.....MOTION for Partial Summary Judgment by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Leggette, L.) Modified on 12/5/2023 (zed). (Entered: 03/13/2023) |
| 03/13/2023 | 70 | MOTION to Dismiss *Crossclaim* by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR. (Attachments: # 1 Text of Proposed Order)(Robertson, Michael) (Entered: 03/13/2023) |
| 03/13/2023 | 71 | NOTICE *of AEC's Joinder in Partial Motion for Judgment on the Pleadings* by ANSCHUTZ EXPLORATION CORPORATION (Gibson, Mark) (Entered: 03/13/2023) |
| 03/15/2023 | | Set/Reset Deadlines: Proposed Briefing Schedule due by 9/22/2023. (tb) (Entered: 03/15/2023) |
| 03/28/2023 | 72 | MOTION for Extension of Time to File Response/Reply by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR. (Robertson, Michael) (Entered: 03/28/2023) |
| 03/28/2023 | 73 | Joint MOTION for Joinder re 72 MOTION for Extension of Time to File Response/Reply *of Defendant−Intervenors* by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Leggette, L.) (Entered: 03/28/2023) |
| 03/29/2023 | | MINUTE ORDER: Plaintiffs shall respond to Defendants' 72 Motion for Extension of Time and Defendant−Intervenors' 73 Joint Motion for Extension of time no later than March 31, 2023. And movants shall file their replies no later than April 4, 2023. Signed by Judge Tanya S. Chutkan on 3/29/2023. (lcja) (Entered: 03/29/2023) |
| 03/29/2023 | | Set/Reset Deadlines: Response due by 3/31/2023. Replies due by 4/4/2023. (tb) (Entered: 03/29/2023) |
| 03/30/2023 | 74 | RESPONSE re 72 MOTION for Extension of Time to File Response/Reply filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Declaration of Sarah Stellberg)(Stellberg, Sarah) Modified link on 4/4/2023 (znmw). (Entered: 03/30/2023) |

| 03/31/2023 | 75 | REPLY to opposition to motion re 72 MOTION for Extension of Time to File Response/Reply filed by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR. (Robertson, Michael) (Entered: 03/31/2023) |
|---|---|---|
| 03/31/2023 | | MINUTE ORDER: Upon consideration of Defendants' motion and the parties briefs, the Court hereby Grants in part and DENIES in part Defendants' 72 Motion for Extension of Time to File Response and Defendant–Intervenor's 73 Joint Motion. The Court's February 14, 2023 Scheduling Order is hereby AMENDED as follows: Responsive Briefs are due April 24, 2023, and Reply Briefs are due May 15, 2023. Under Federal Rule of Civil Procedure 16(b)(4) a scheduling deadline may be extended upon a showing of "good cause." While Plaintiffs are correct that the previously agreed upon schedule and all of the motions were filed were fully contemplated by the parties, even Plaintiffs do not contend that Defendants were given advance notice that the motion for preliminary injunction would include over 5,000 pages of exhibits. And Plaintiffs have not demonstrated how they will be prejudiced by a two–week extension. Consequently, in order to provide the parties time to review the exhibits and respond to the motions, the Court will grant a two–week extension. Further, the parties are reminded that all motions are to be accompanied by a proposed order. Signed by Judge Tanya S. Chutkan on 3/31/2023. (lcja) (Entered: 03/31/2023) |
| 04/05/2023 | 76 | Unopposed MOTION for Extension of Time to File Response/Reply by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Text of Proposed Order)(Stellberg, Sarah) (Entered: 04/05/2023) |
| 04/06/2023 | | MINUTE ORDER: Plaintiffs' 76 Unopposed Motion for Extension of Reply Deadline is hereby GRANTED and the Court's February 14, 2023, Scheduling Order is hereby AMENDED as follows: Reply Briefs are due May 26, 2023. Signed by Judge Tanya S. Chutkan on 4/6/2023. (lcja) (Entered: 04/06/2023) |
| 04/06/2023 | | Set/Reset Deadlines: Response due by 4/24/2023. Reply due by 5/15/2023. (tb) (Entered: 04/06/2023) |
| 04/06/2023 | | Set/Reset Deadlines: Reply due by 5/26/2023. (tb) (Entered: 04/06/2023) |
| 04/10/2023 | | Set/Reset Deadlines: Replies due by 5/26/2023. (tb) (Entered: 04/10/2023) |
| 04/24/2023 | 77 | Memorandum in opposition to re 64 Motion for Preliminary Injunction,,,, filed by STATE OF WYOMING. (Attachments: # 1 Declaration of Thomas Kropatsch, # 2 Declaration of Nancy Vehr, # 3 Declaration of James Willox, # 4 Declaration of Jennifer Scoggin, # 5 Declaration of Boner, Moore, Magagna, # 6 Declaration of Faber, Pexton, Roumell, Holt)(Jordan, Travis) (Entered: 04/24/2023) |
| 04/24/2023 | 78 | RESPONSE re 70 MOTION to Dismiss *Crossclaim* filed by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Attachments: # 1 Text of Proposed Order)(Leggette, L.) (Entered: 04/24/2023) |
| 04/24/2023 | 79 | RESPONSE re 65 MOTION to Dismiss *Continental and Devon's Counterclaim and Crossclaim* filed by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Attachments: # 1 Text of Proposed Order)(Leggette, L.) (Entered: 04/24/2023) |
| 04/24/2023 | 80 | Memorandum in opposition to re 64 Motion for Preliminary Injunction,,,, filed by PETROLEUM ASSOCIATION OF WYOMING. (Attachments: # 1 Text of Proposed Order [PROPOSED] ORDER DENYING PLAINTIFFS' MOTION FOR |

| | | |
|---|---|---|
| | | PRELIMINARY INJUNCTION, # 2 Exhibit 1 – Declaration of Rebecca A. Byram & David Broussard, # 3 Exhibit 2 – Illustration of Horizontal Well, # 4 Exhibit 3 – Declaration of Ryan Baker, # 5 Exhibit 4 – Map of Challenged APDs, # 6 Exhibit 5 – Reno–Sparks Indian Colony v. Haaland, # 7 Exhibit 6 – Declaration of Stephen A. Moore, # 8 Exhibit 7 – Declaration of Frank Glenn Eathorne, Jr., # 9 Exhibit 8 – Declaration of Timothy Tillard, # 10 Exhibit 9 – Combined Declaration of Robert Boner et al., # 11 Exhibit 10 – Declaration of Joseph DeDominic, # 12 Exhibit 11 – Declaration of Pete Obermueller, # 13 Exhibit 12 – BLM Instruction Memorandum No. 2009–078, # 14 Exhibit 13 – Wyoming Executive Order No. 2019–3, # 15 Exhibit 14 – Declaration of Kelly Meyers, # 16 Exhibit 15 – Declaration of Hunt Walker, # 17 Exhibit 16 – Letter from Senator Barrasso et al. to Secretary Haaland)(Champoux, Mark) (Entered: 04/24/2023) |
| 04/24/2023 | 81 | Memorandum in opposition to re 67 Motion to Dismiss filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Declaration of Sarah Stellberg, # 2 Exhibit A – June 13, 2022 Comment Letter, # 3 Exhibit B – July 15, 2022 Comment Letter, # 4 Exhibit C – August 16, 2022 Comment Letter)(Stellberg, Sarah) (Entered: 04/24/2023) |
| 04/24/2023 | 82 | Memorandum in opposition to re 68 Motion to Transfer Case filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Declaration of Hannah Goldblatt, # 2 Exhibit A – Letter from MacGregor to Kudlow, # 3 Exhibit B – Joe Balash Calendar, # 4 Exhibit C – Converse FOIA records)(Stellberg, Sarah) (Entered: 04/24/2023) |
| 04/24/2023 | 83 | Memorandum in opposition to re 64 Motion for Preliminary Injunction,,,, filed by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR. (Attachments: # 1 Exhibit 1. Declaration of Amelia Savage, # 2 Exhibit 2. Casper RMP, # 3 Exhibit 3. Converse County DEIS through Chapter 2, # 4 Exhibit 4. Converse County SDEIS, # 5 Exhibit 5. Converse County FEIS Appendix G, # 6 Text of Proposed Order)(Robertson, Michael) (Entered: 04/24/2023) |
| 04/24/2023 | 84 | Memorandum in opposition to re 69 Motion for Partial Summary Judgment filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Stellberg, Sarah) (Entered: 04/24/2023) |
| 04/24/2023 | 85 | Memorandum in opposition to re 68 Motion to Transfer Case, 66 Motion to Transfer Case filed by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR. (Attachments: # 1 Text of Proposed Order)(Robertson, Michael) (Entered: 04/24/2023) |
| 04/24/2023 | 86 | RESPONSE re 67 Joint MOTION to Dismiss filed by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR. (Attachments: # 1 Text of Proposed Order)(Robertson, Michael) (Entered: 04/24/2023) |
| 04/24/2023 | 87 | RESPONSE re 69 MOTION for Partial Summary Judgment filed by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR. (Attachments: # 1 Text of Proposed Order)(Robertson, Michael) (Entered: 04/24/2023) |
| 05/22/2023 | 88 | MOTION for Leave to File Excess Pages by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Text of Proposed Order)(Goldblatt, Hannah) (Entered: 05/22/2023) |
| 05/26/2023 | 89 | REPLY to opposition to motion re 65 MOTION to Dismiss *Continental and Devon's Counterclaim and Crossclaim* filed by POWDER RIVER BASIN RESOURCE |

| | | |
|---|---|---|
| | | COUNCIL, WESTERN WATERSHEDS PROJECT. (Stellberg, Sarah) (Entered: 05/26/2023) |
| 05/26/2023 | 90 | REPLY to opposition to motion re 70 MOTION to Dismiss *Crossclaim* filed by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR. (Robertson, Michael) (Entered: 05/26/2023) |
| 05/26/2023 | 91 | REPLY to opposition to motion re 64 MOTION for Preliminary Injunction filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Stellberg, Sarah) (Entered: 05/26/2023) |
| 05/26/2023 | | MINUTE ORDER: Plaintiffs' 88 Motion for Leave to File Excess Pages is GRANTED. Signed by Judge Tanya S. Chutkan on 5/26/2023. (lcja) (Entered: 05/26/2023) |
| 05/26/2023 | 92 | REPLY to opposition to motion re 68 Joint MOTION to Transfer Case *Motion to Transfer Venue Defendants−Intervenors Reply in Support of Motion to Transfer Venue* filed by ANSCHUTZ EXPLORATION CORPORATION. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Lillie, Andrew) (Entered: 05/26/2023) |
| 05/26/2023 | 93 | REPLY to opposition to motion re 67 Joint MOTION to Dismiss filed by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Attachments: # 1 Supplement Anschutz Exploration Corporations Reply Addendum in Support of Defendants−Intervenors Joint Motion to Dismiss, # 2 Exhibit A)(Leggette, L.) (Entered: 05/26/2023) |
| 05/26/2023 | 94 | REPLY to opposition to motion re 69 MOTION for Partial Summary Judgment filed by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Attachments: # 1 Exhibit 1)(Leggette, L.) (Entered: 05/26/2023) |
| 06/06/2023 | | MINUTE ORDER: No later than June 12 at 12 PM, the parties are hereby ORDERED to meet, confer, and propose dates and times for a hearing on Plaintiffs' Preliminary Injunction, ECF No. 64 . The Court is available for an in−person hearing on the following days: June 22 at 3 PM, June 23 at 3 PM, June 26 between 11 AM and 2 PM, July 3 between 10 AM and 3 PM, July 12 at 3:30 PM, July 14 between 10 AM and 3 PM, and July 21 between 10 AM and 3 PM. Signed by Judge Tanya S. Chutkan on 6/06/2023. (lcja) (Entered: 06/06/2023) |
| 06/06/2023 | | Set/Reset Deadlines: Attorney Meet and Confer by 6/12/2023. (nbn) (Entered: 06/08/2023) |
| 06/12/2023 | 95 | Joint STATUS REPORT by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Stellberg, Sarah) (Entered: 06/12/2023) |
| 06/12/2023 | | MINUTE ORDER: Upon consideration of the parties' 95 Joint Status Report, it is hereby ORDERED that a hearing on Plaintiffs' Motion for a Preliminary Injunction is set for July 14, 2023, at 2 PM. The hearing will be limited to legal argument. See Local Civ. Rule 65.1 ("[t]he practice in this jurisdiction is to decide preliminary injunction motions without live testimony where possible.... The Court may decline to hear witnesses at the hearing where the need for live testimony is outweighed by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."). The parties shall be prepared to answer questions from the Court regarding Plaintiffs' motion, as well as to support their respective arguments regarding Plaintiffs' standing to challenge the 2020 Converse County Record of Decision and the subsequently approved Applications for Permits to Drill. Signed by |

| | | |
|---|---|---|
| | | Judge Tanya S. Chutkan on 6/12/2023. (lcja) (Entered: 06/12/2023) |
| 06/21/2023 | 96 | MOTION for Hearing re 95 Status Report, 64 MOTION for Preliminary Injunction by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Attachments: # 1 Text of Proposed Order, # 2 Text of Proposed Order)(Leggette, L.) (Entered: 06/21/2023) |
| 06/26/2023 | | MINUTE ORDER: Defendant–Intervenor's 96 Motion for Hearing is hereby HELD in ABEYANCE until the Preliminary Injunction Hearing set for July 14, 2023 at 2 PM. At this time, Defendant–Intervenors have not shown, and the court does not find, that "there are genuine issues of material fact raised in opposition to [the] motion for preliminary injunction" such that "an evidentiary hearing is required." Cobell v. Norton, 391 F.3d 251, 261 (D.C. Cir. 1984). After the court hears legal argument from the parties at the Preliminary Injunction Hearing, it will consider whether an evidentiary hearing "outweigh[s]... considerations of undue delay, waste of time, or needless presentation of cumulative evidence," or if the motion can be decided "without live testimony." Local Civ. Rule 65.1. Signed by Judge Tanya S. Chutkan on 6/26/2023. (lcja) (Entered: 06/26/2023) |
| 07/03/2023 | | MINUTE ORDER: At the Preliminary Injunction Hearing set for July 14, 2023 at 2 PM, the parties shall be prepared to argue the following issues, within the set parameters: (i) Private Defendant–Intervenors and Plaintiffs are each allotted 10 minutes to argue standing, and Defendants are allotted 5 minutes to argue standing; and (ii) Plaintiffs and Defendants are each allotted 15 minutes to argue for and against Plaintiffs' Motion for Preliminary Injunction, and Private Defendant–Intervenors and the State of Wyoming are each allotted 5 minutes to argue against the Motion for Preliminary Injunction. Further, the parties shall be prepared answer the Court's questions, and the court, in its discretion, shall extend or shorten a parties' allotted time as necessary to ventilate the salient issues in this action. This hearing is scheduled to last no longer than 1 hour and 15 minutes. Signed by Judge Tanya S. Chutkan on 7/3/2023. (lcja) (Entered: 07/03/2023) |
| 07/12/2023 | 97 | Unopposed MOTION for Extension of Time to *Confer and File Motions on Stage One Administrative Record* by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Text of Proposed Order)(Goldblatt, Hannah) (Entered: 07/12/2023) |
| 07/13/2023 | | MINUTE ORDER: Plaintiff's 97 Unopposed Motion for Extension of Time is hereby GRANTED for good cause shown. The Court's March 8, 2023, Scheduling Order is hereby AMENDED as follows: Motions to Complete or Supplement the Converse County ROD & EIS AR are due July 28, 2023; Responses in Opposition to Motions to Complete or Supplement the Converse County ROD & EIS AR are due August 25, 2023; and Replies in Support of Motions to Complete or Supplement the Converse County ROD & EIS AR are due September 8, 2023. Signed by Judge Tanya S. Chutkan on 7/13/2023. (lcja) (Entered: 07/13/2023) |
| 07/14/2023 | | Set/Reset Deadlines/Hearings: Motions to Complete or Supplement the Converse County ROD & EIS AR due by 7/28/2023. Responses due by 8/25/2023. Replies due by 9/8/2023. (zcdw) (Entered: 07/14/2023) |
| 07/14/2023 | | Minute Entry for proceedings held before Judge Tanya S. Chutkan: Motion Hearing held on 7/14/2023 re Motion 64 for Preliminary Injunction. Motion heard and taken under advisement. (Court Reporter: Lisa Moreira) (zcdw) (Entered: 07/17/2023) |
| 07/17/2023 | 98 | |

| | | |
|---|---|---|
| | | NOTICE *of Correction* by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR (Robertson, Michael) (Entered: 07/17/2023) |
| 07/26/2023 | 99 | TRANSCRIPT OF PRELIMINARY INJUNCTION HEARING before Judge Tanya S. Chutkan held on July 14, 2023; Page Numbers: 1–61. Date of Issuance:July 26, 2023. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354–3187, Transcripts may be ordered by submitting the Transcript Order Form <br><br> For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. <br><br> Redaction Request due 8/16/2023. Redacted Transcript Deadline set for 8/26/2023. Release of Transcript Restriction set for 10/24/2023.(Moreira, Lisa) (Entered: 07/26/2023) |
| 07/28/2023 | 100 | WITHDRAWN PURSUANT TO NOTICE FILED 01/17/2024.....MOTION TO CONSIDER EXTRA–RECORD EVIDENCE by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Exhibit A – Decision and EA for Laramie Project, # 4 Exhibit B – Decision and EA for La Sal Project, # 5 Exhibit C – Decision and EA for Harper Project, # 6 Exhibit D – Decision and EA for Tabor Project, # 7 Exhibit E – Decision and EA for Alta Vista Slaughterhouse Project)(Stellberg, Sarah) Modified on 1/18/2024 (zjm). (Entered: 07/28/2023) |
| 08/24/2023 | 101 | Memorandum in opposition to re 100 Motion for Miscellaneous Relief,, *(to Consider Extra–Record Evidence)* filed by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Leggette, L.) (Entered: 08/24/2023) |
| 08/25/2023 | 102 | Memorandum in opposition to re 100 Motion for Miscellaneous Relief,, filed by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR. (Attachments: # 1 Text of Proposed Order)(Robertson, Michael) (Entered: 08/25/2023) |
| 09/08/2023 | 103 | REPLY to opposition to motion re 100 MOTION TO CONSIDER EXTRA–RECORD EVIDENCE filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Stellberg, Sarah) (Entered: 09/08/2023) |
| 09/22/2023 | 104 | PROPOSED BRIEFING SCHEDULE by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Text of Proposed Order)(Stellberg, Sarah) (Entered: 09/22/2023) |
| 11/06/2023 | 105 | MEMORANDUM OPINION re: 64 Plaintiffs' Motion for a Preliminary Injunction; 68 Private–Intervenor's Motion to Transfer; and 67 Private–Intervenors' Motion to |

| | | Dismiss. Signed by Judge Tanya S. Chutkan on 11/06/23. (lce) (Entered: 11/06/2023) |
|---|---|---|
| 11/06/2023 | 106 | ORDER: DENYING 64 Plaintiffs' Motion for Preliminary Injunction. Signed by Judge Tanya S. Chutkan on 11/06/23. (lce) (Entered: 11/06/2023) |
| 11/06/2023 | 107 | ORDER: GRANTING in part and DENYING in part 67 Private–Intervenors' Joint Motion to Dismiss. Signed by Judge Tanya S. Chutkan on 11/06/23. (lce) (Entered: 11/06/2023) |
| 11/06/2023 | 108 | ORDER: DENYING 68 Private–Intervenors' Joint Motion to Transfer and DENYING as moot 66 Private–Intervenors' Joint Motion to Transfer. Signed by Judge Tanya S. Chutkan on 11/06/23. (lce) (Entered: 11/06/2023) |
| 11/06/2023 | | MINUTE ORDER: DENYING as moot 96 Motion for Hearing re 64 Motion for Preliminary Injunction. Signed by Judge Tanya S. Chutkan on 11/06/23. (lce) (Entered: 11/06/2023) |
| 11/07/2023 | | MINUTE ORDER: The parties shall meet and confer and file a Joint Status Report by December 1, 2023, stating their position(s) on whether 100 Motion to Consider Extra–Record Evidence is now moot. To the extent the parties request a change to the status quo, the status report shall be accompanied by a proposed order. Signed by Judge Tanya S. Chutkan on 11/07/23. (lce) (Entered: 11/07/2023) |
| 11/07/2023 | | Set/Reset Deadlines: Status Report due by 12/1/2023. (znbn) (Entered: 11/07/2023) |
| 12/01/2023 | 109 | Joint STATUS REPORT by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Stellberg, Sarah) (Entered: 12/01/2023) |
| 12/01/2023 | 110 | Unopposed MOTION to Withdraw 69 MOTION for Partial Summary Judgment by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Attachments: # 1 Text of Proposed Order)(Leggette, L.) (Entered: 12/01/2023) |
| 12/01/2023 | | MINUTE ORDER: GRANTING 110 Unopposed Motion to Withdraw 69 Motion for Partial Summary Judgment. Signed by Judge Tanya S. Chutkan on 12/01/23. (lce) (Entered: 12/01/2023) |
| 12/08/2023 | 111 | Joint STATUS REPORT by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Stellberg, Sarah) (Entered: 12/08/2023) |
| 01/17/2024 | 112 | NOTICE OF WITHDRAWAL OF MOTION by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT re 100 MOTION TO CONSIDER EXTRA–RECORD EVIDENCE (Stellberg, Sarah) (Entered: 01/17/2024) |
| 01/18/2024 | 113 | MEMORANDUM OPINION re: 65 Motion to Dismiss Continental and Devon's Counterclaim and Crossclaim and 70 Motion to Dismiss Crossclaim. Signed by Judge Tanya S. Chutkan on 1/18/24. (lce) (Entered: 01/18/2024) |
| 01/18/2024 | 114 | ORDER GRANTING 70 Motion to Dismiss Crossclaim. Signed by Judge Tanya S. Chutkan on 1/18/24. (lce) (Entered: 01/18/2024) |
| 01/18/2024 | 115 | ORDER GRANTING in part and DENYING in part 65 Motion to Dismiss Counterclaim and Crossclaim. Signed by Judge Tanya S. Chutkan on 1/18/24. (lce) (Entered: 01/18/2024) |
| 01/18/2024 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER: Upon consideration of <u>104</u> Joint Proposed Summary Judgment Briefing Schedule and <u>111</u> Joint Status Report, Plaintiff's opening summary judgment motion and brief shall be limited to 55 pages and shall be filed on or before February 8, 2024; Federal Defendants' summary judgment motion and combined opening/response brief shall be limited to 55 pages and shall be filed on or before March 28, 2024; Wyoming's and Private Intervenors' summary judgment motions and combined/opening response briefs shall be limited to 55 pages and shall be filed on or before April 11, 2024; Plaintiff's combined response/reply brief shall be limited to 75 pages and shall be filed on or before May 16, 2024; Federal Defendants' reply brief shall be limited to 25 pages and shall be filed on or before June 13, 2024; and Wyoming's and Private Intervenors' reply brief shall be limited to 25 pages and shall be filed on or before June 20, 2024. Signed by Judge Tanya S. Chutkan on 1/18/24. (lce) (Entered: 01/18/2024) |
| 01/26/2024 | <u>116</u> | MOTION for Summary Judgment by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # <u>1</u> Memorandum in Support, # <u>2</u> Text of Proposed Order)(Stellberg, Sarah) (Entered: 01/26/2024) |
| 02/14/2024 | <u>117</u> | NOTICE *of Filing Certified Administrative Record Index* by U.S. BUREAU OF LAND MANAGEMENT, U.S. DEPARTMENT OF INTERIOR (Attachments: # <u>1</u> Exhibit Certified List of the Contents of the AR, # <u>2</u> Exhibit Certification)(Robertson, Michael) (Entered: 02/14/2024) |
| 03/28/2024 | <u>118</u> | Cross MOTION for Summary Judgment *and Response Brief in Opposition* by U.S. BUREAU OF LAND MANAGEMENT, U.S. DEPARTMENT OF INTERIOR. (Attachments: # <u>1</u> Text of Proposed Order)(Robertson, Michael) (Entered: 03/28/2024) |
| 03/28/2024 | 119 | Memorandum in opposition to re <u>116</u> Motion for Summary Judgment filed by U.S. BUREAU OF LAND MANAGEMENT, U.S. DEPARTMENT OF INTERIOR. (See Docket Entry <u>118</u> to view document) (zjm) (Entered: 04/02/2024) |
| 04/11/2024 | <u>120</u> | Memorandum in opposition to re <u>116</u> Motion for Summary Judgment *and Cross−Motion for Summary Judgment* filed by STATE OF WYOMING. (Attachments: # <u>1</u> Exhibit J. Manley Declaration, # <u>2</u> Exhibit Prior L. Turner Declarations)(Jordan, Travis) (Entered: 04/11/2024) |
| 04/11/2024 | <u>121</u> | Cross MOTION for Summary Judgment *and Response in Opposition to Plaintiffs' Motion for Summary Judgment* by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Leggette, L.) (Entered: 04/11/2024) |
| 04/11/2024 | <u>122</u> | Memorandum in opposition to re <u>116</u> Motion for Summary Judgment *of Plaintiffs* filed by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Leggette, L.) (Entered: 04/11/2024) |
| 04/11/2024 | 123 | Cross MOTION for Summary Judgment by STATE OF WYOMING. (See Docket Entry <u>120</u> to view document) (zjm) (Entered: 04/15/2024) |
| 05/16/2024 | <u>124</u> | REPLY to opposition to motion re <u>116</u> MOTION for Summary Judgment filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # <u>1</u> Exhibit 1 − Chowdhury et al., Multifactor analysis of specific storage estimate, # <u>2</u> Exhibit 2 − Declaration of Sarah Stellberg)(Stellberg, Sarah) (Entered: 05/16/2024) |

| 06/13/2024 | 125 | REPLY to opposition to motion re 118 Cross MOTION for Summary Judgment *and Response Brief in Opposition* filed by U.S. BUREAU OF LAND MANAGEMENT, U.S. DEPARTMENT OF INTERIOR. (Robertson, Michael) (Entered: 06/13/2024) |
|---|---|---|
| 06/20/2024 | 126 | REPLY to opposition to motion re 116 MOTION for Summary Judgment *and combined reply in support of the State's cross−motion for summary judgment* filed by STATE OF WYOMING. (Jordan, Travis) (Entered: 06/20/2024) |
| 06/20/2024 | 127 | REPLY to opposition to motion re 121 Cross MOTION for Summary Judgment *and Response in Opposition to Plaintiffs' Motion for Summary Judgment* filed by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Leggette, L.) (Entered: 06/20/2024) |
| 06/28/2024 | 128 | Joint MOTION for Extension of Time to File *Local Rule 7(n) Joint Appendix* by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Text of Proposed Order)(Stellberg, Sarah) (Entered: 06/28/2024) |
| 06/28/2024 | | MINUTE ORDER: GRANTING 128 Joint Motion for Extension of Time. The parties shall file the Joint Appendix required by Local Civil Rule 7(n) on or before July 11, 2024. Signed by Judge Tanya S. Chutkan on 6/28/24. (lce) (Entered: 06/28/2024) |
| 07/11/2024 | 129 | JOINT APPENDIX *of the Administrative Record* by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 AR Appendix Vol 1, # 2 AR Appendix Vol 2, # 3 AR Appendix Vol 3, # 4 AR Appendix Vol 4, # 5 AR Appendix Vol 5, # 6 AR Appendix Vol WYP3)(Stellberg, Sarah) (Entered: 07/11/2024) |
| 09/13/2024 | 130 | MEMORANDUM OPINION re: 116 Plaintiffs' Motion for Summary Judgment, 118 Defendants' Cross Motion for Summary Judgment, 121 Intervenors' Cross Motion for Summary Judgment, and 123 Wyoming's Cross Motion for Summary Judgment. Signed by Judge Tanya S. Chutkan on 9/13/24. (lce) (Entered: 09/13/2024) |
| 09/13/2024 | 131 | ORDER: GRANTING in part 116 Plaintiffs' Motion for Summary Judgment, DENYING 118 Defendants' Cross Motion for Summary Judgment, DENYING 121 Intervenors' Cross Motion for Summary Judgment, and DENYING 123 Wyoming's Cross Motion for Summary Judgment. Plaintiffs shall file a supplemental brief on remedy on or before October 25, 2024. Defendants and Intervenors shall file a supplemental response on or before November 8, 2024. Further APD approvals based on the deficient EIS are hereby ENJOINED pending further order of the court. See Order for details. Signed by Judge Tanya S. Chutkan on 9/13/24. (lce) (Entered: 09/13/2024) |
| 09/26/2024 | 132 | NOTICE of Appearance by Shannon Leininger on behalf of STATE OF WYOMING (Leininger, Shannon) (Main Document 132 replaced on 9/27/2024) (znmw). (Entered: 09/26/2024) |
| 09/26/2024 | 133 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF WYOMING. Attorney Travis S. Jordan terminated. (Jordan, Travis) (Entered: 09/26/2024) |
| 10/04/2024 | 134 | Joint MOTION to Clarify re 130 Memorandum Opinion and 131 Order by U.S. BUREAU OF LAND MANAGEMENT, U.S. DEPARTMENT OF INTERIOR. (Attachments: # 1 Text of Proposed Order)(Robertson, Michael) Modified to add links on 10/7/2024 (znmw). (Entered: 10/04/2024) |

| 10/07/2024 | | MINUTE ORDER: GRANTING 134 Joint Motion for Clarification. Because the court determined that the Environmental Impact Statement violated the National Environmental Policy Act ("NEPA"), it granted summary judgment to Plaintiffs and denied it to Defendants and Intervenors on the NEPA claim. The court did not consider the merits of the remaining claims because it decided that the Converse County Oil and Gas Project approval was unlawful on NEPA grounds. Consequently, the court denied summary judgment to both parties on the remaining claims, and those claims remain before the court for potential consideration following remand. Signed by Judge Tanya S. Chutkan on 10/7/24. (lce) (Entered: 10/07/2024) |
|---|---|---|
| 10/25/2024 | 135 | MEMORANDUM by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Declaration – Declaration of Hannah Goldblatt, # 2 Text of Proposed Order – Proposed Remedies Order)(Goldblatt, Hannah) (Entered: 10/25/2024) |
| 11/07/2024 | 136 | NOTICE of Appearance by Kristina R. Van Bockern on behalf of ANSCHUTZ EXPLORATION CORPORATION (Van Bockern, Kristina) (Entered: 11/07/2024) |
| 11/08/2024 | 137 | MEMORANDUM by STATE OF WYOMING. (Attachments: # 1 Declaration of Jeremy Manley)(Leininger, Shannon) (Entered: 11/08/2024) |
| 11/08/2024 | 138 | MEMORANDUM by ANSCHUTZ EXPLORATION CORPORATION. (Attachments: # 1 Exhibit EX 1 – WWC Engineering Memo, # 2 Declaration EX 2 – Decl of Jesse Martin, # 3 Declaration EX 3 – Decl of Mark Brown, # 4 Declaration EX 4 – Decl of Glen Christiansen, # 5 Declaration EX 5 – Decl of Joseph DeDominic, # 6 Declaration EX 6 – Decl of Timothy Sulser, # 7 Declaration EX 7 – Decl of Ryan Baker, # 8 Declaration EX 8 – Decl of Bryam and Carlson, # 9 Declaration EX 9 – Decl of Hunt Walker, # 10 Declaration EX 10 – Decl of Wendy Meyer, # 11 Declaration EX 11 – Decl of Rodney York, # 12 Declaration EX 12 – Decl of Gregory Graham)(Van Bockern, Kristina) (Entered: 11/08/2024) |
| 11/08/2024 | 139 | MEMORANDUM by U.S. DEPARTMENT OF INTERIOR, U.S. BUREAU OF LAND MANAGEMENT. (Attachments: # 1 Declaration of Kevin Christensen)(Robertson, Michael) (Entered: 11/08/2024) |
| 11/12/2024 | 140 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 130 Memorandum & Opinion, 131 Order on Motion for Summary Judgment,,,,,,,,,, Set/Reset Deadlines,, by DEVON ENERGY PRODUCTION COMPANY, L.P., CONTINENTAL RESOURCES, INC.. Filing fee $ 605, receipt number BDCDC–11294034. Fee Status: Fee Paid. Parties have been notified. (Leggette, L.) (Entered: 11/12/2024) |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **POWDER RIVER BASIN RESOURCE COUNCIL and WESTERN WATERSHEDS PROJECT**, | |
| Plaintiffs, | |
| v. | |
| **U.S. DEPARTMENT OF THE INTERIOR and U.S. BUREAU OF LAND MANAGEMENT**, | |
| Defendants, | Case No. 1:22-cv-2696-TSC |
| and | |
| **STATE OF WYOMING; CONTINENTAL RESOURCES, INC.; DEVON ENERGY PRODUCTION COMPANY, L.P.; ANSCHUTZ EXPLORATION CORPORATION; and PETROLEUM ASSOCIATION OF WYOMING** | |
| Defendant-Intervenors. | |

## NOTICE OF APPEAL

Notice is hereby given that Continental Resources, Inc. ("Continental") and Devon Energy Production Company, L.P. ("Devon") in the above-captioned case hereby appeal to the United States Court of Appeals for the District of Columbia from the Order of the District Court entered in this action on September 13, 2024 (ECF No. 131)—granting in part Plaintiffs' motion for summary judgment, denying Defendants' cross motion for summary judgment, denying Defendant-Intervenors' cross motion for summary judgment, and denying the State of Wyoming's

cross motion for summary judgment—and from the associated Memorandum Opinion also entered on September 13, 2024 (ECF No. 130).

Pursuant to FRAP 3(c)(6), Continental and Devon specifically appeal from the portion of the Court's September 13, 2024, Order (ECF No. 131) enjoining BLM from approving further Applications for Permits to Drill ("APD") based on the deficient Environmental Impact Statement ("EIS") pending further order of the Court, and from the portion of the Court's September 13, 2024, Memorandum Opinion (ECF No. 130) related to the same interim injunction. 28 U.S.C. § 1292(a)(1).

Respectfully submitted this 12th day of November, 2024.

/s/ *L. Poe Leggette*
L. Poe Leggette (D.C. Bar No. 430136)
Bailey A. Bridges
Baker & Hostetler LLP
811 Main St., Suite 1100
Houston, Texas 77002
Telephone: 303.861.0600
Facsimile: 303.861.7805
pleggette@bakerlaw.com
bbridges@bakerlaw.com

Alexander K. Obrecht (CO. Bar No. 46937)
Baker & Hostetler LLP
1801 California Street, Suite 4400
Denver, Colorado 80202-2662
Telephone: 303.861.0600
Facsimile: 303.861.7805
aobrecht@bakerlaw.com

*Attorneys for Defendant-Intervenors*
*Continental Resources, Inc. and Devon*
*Energy Production Company, L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of November, 2024, I electronically filed the forgoing

**NOTICE OF APPEAL** with the Clerk of the Court for the United States District Court for the

District of Columbia, using the CM/ECF System, which will send notice of such filing to the

registered CM/ECF users listed below:

| | |
|---|---|
| **Plaintiffs**<br>Powder River Basin Resource Council<br><br>Western Watersheds Project | **Todd C. Tucci**<br>ADVOCATES FOR THE WEST<br>P.O. Box 1612<br>Boise, ID 83702<br>(208) 342-7024<br>Email: ttucci@advocateswest.org<br><br>**Hannah A. Goldblatt**<br>ADVOCATES FOR THE WEST<br>3701 SE Milwaukie Avenue<br>Suite B<br>Portland, OR 97202<br>(503) 914-6388<br>Email: hgoldblatt@advocateswest.org<br><br>**Sarah K. Stellberg**<br>ADVOCATES FOR THE WEST<br>P.O. Box 1612<br>Boise, ID 83701<br>208-342-7024<br>Email: sstellberg@advocateswest.org |
| **Defendants**<br>U. S. Department of Interior<br><br>U.S. Bureau of Land Management | **Michael Keith Robertson**<br>DOJ-ENRD<br>150 M Street, NE<br>Washington, DC 20002<br>202-305-9609<br>Email: michael.robertson@usdoj.gov |
| **Defendant-Intervenor**<br><br>State of Wyoming | **D. David DeWald**<br>WYOMING ATTORNEY GENERAL'S OFFICE<br>109 State Capitol<br>Cheyenne, WY 82002<br>307-777-6199<br>Fax: 307-777-3542<br>Email: david.dewald@wyo.gov |

3

| | Shannon Leininger |
|---|---|
| | WYOMING ATTORNEY GENERAL'S OFFICE |
| | Water & Natural Resources Division |
| | 109 State Capitol |
| | Cheyenne, WY 82002 |
| | 307-777-5780 |
| | Email: shannon.leininger@wyo.gov |
| **Defendant-Intervenor**<br>Petroleum Association of Wyoming | **Mark E. Champoux**<br>DAVIS GRAHAM & STUBBS LLP<br>1550 17th Street, Suite 500<br>Denver, CO 80202<br>303-892-7493<br>Email: mark.champoux@davisgraham.com<br><br>**Kathleen C. Schroder**<br>DAVIS GRAHAM & STUBBS LLP<br>1550 17th Street, Suite 500<br>Denver, CO 80202<br>303-892-9400<br>Email: katie.schroder@davisgraham.com |
| **Intervenor-Defendant**<br>Anschutz Exploration Corporation | **Andrew C. Lillie**<br>HOLLAND & HART LLP<br>555 17th Street, Suite 3200<br>Denver, CO 80202<br>303-295-8121<br>Email: aclillie@hollandhart.com<br><br>**Kristina R. Van Bockern**<br>Holland & Hart LLP<br>555 17th Street, Suite 3200<br>Denver, CO 80202<br>303-295-8107<br>Email: trvanbockern@hollandhart.com<br><br>**Mark D. Gibson**<br>HOLLAND & HART LLP<br>1800 Broadway, Suite 300<br>Boulder, CO 80302<br>303-473-4837<br>Email: mdgibson@hollandhart.com |

/s/ *L. Poe Leggette*

L. Poe Leggette

4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **POWDER RIVER BASIN** ) | |
| **RESOURCE COUNCIL,** *et. al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 22-cv-2696 (TSC) |
| ) | |
| **U.S. DEPT OF INTERIOR,** *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion, ECF No. 130, Plaintiffs' Motion for Summary Judgment, ECF No. 116, is hereby GRANTED in part; Defendants' Cross Motion for Summary Judgment, ECF No. 118, is hereby DENIED; Energy Intervenors' Cross Motion for Summary Judgment, ECF No. 121, is hereby DENIED; and Wyoming's Cross Motion for Summary Judgment, ECF No. 123, is hereby DENIED.

Plaintiffs' supplemental brief on remedy shall be filed on or before October 25, 2024. Defendants' and Intervenors' supplemental responses on remedy shall be filed on or before November 8, 2024. Further APD approvals based on the deficient EIS are hereby ENJOINED pending further order of the court.

Date: September 13, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **POWDER RIVER BASIN RESUORCE COUNCIL, *et. al.*,** ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 22-cv-2696 (TSC) |
| **U.S. DEPT OF INTERIOR, *et al.*,** ) ) | |
| Defendants. ) ) | |

## **<u>MEMORANDUM OPINION</u>**

Plaintiffs Powder River Basin Resource Council ("Powder River") and Western

Watersheds Project challenged the U.S. Department of the Interior and the U.S. Bureau of Land

Management's ("BLM") approval of the Converse County Oil and Gas Project ("Project"),

alleging violations of the National Environmental Policy Act ("NEPA"), the Administrative

Procedure Act ("APA"), the Federal Land Policy and Management Act ("FLPMA"), and the

Mineral Leasing Act ("MLA"). The State of Wyoming intervened along with two energy

companies—Devon Energy Production Company, L.P. and Continental Resources, Inc. ("Energy

Intervenors"). This court previously denied Plaintiffs' motion for a preliminary injunction,

granted in part and denied in part Energy Intervenors' motion to dismiss, and denied a motion to

transfer the case.

Having considered the briefing and the record, the court will GRANT in part Plaintiffs'

Motion for Summary Judgment, DENY Defendants' Cross Motion for Summary Judgment,

DENY Energy Intervenors' Cross Motion for Summary Judgment, and DENY Wyoming's Cross

Motion for Summary Judgment. The court will also order additional briefing on remedy and

enjoin further application for permits to drill ("APD") approvals based on the Project

Environmental Impact Statement ("EIS") in the interim.

## I. BACKGROUND

### A. Factual Background

The Secretary of Interior approved the Record of Decision authorizing the Project on

December 23, 2020. AR16735. The Project covers approximately 52,667 acres of the BLM-

administered surface and federal mineral estate in Wyoming and will result in the drilling of

approximately 500 wells per year over 10 years. AR16737. Before issuing the decision, BLM

created an EIS analyzing the Project's anticipated environmental effects. *See* AR12362–13469.

It used the Groundwater Model Report to assess the Project's effect on groundwater supplies,

including groundwater drawdown, which is the change in water level that results from well

pumping. One of the necessary inputs for the groundwater model is the specific storage value,

which estimates the aquifer's capacity to release groundwater in response to pumping. Higher

specific storage values mean that more water is released, resulting in less groundwater

drawdown.

Before finalizing the EIS, BLM first publicized a draft and allowed interested entities to

comment. *See* AR1183; AR1190–93; AR1277–78; AR1292; AR3143–234 (excerpts from the

Draft EIS). The draft provided that a specific storage value of 0.001 was used for the

groundwater model, citing a 2014 Powder River Basin report. AR3183. In its comment, the

Environmental Protection Agency ("EPA") noted that that BLM used "what appears to be an

unrepresentatively high specific storage value (by at least an order of magnitude)," which "may

result in a substantial underestimation of both the magnitude and extent of drawdown caused by

pumping." AR4651. BLM responded to EPA's comment, explaining again that it derived the

specific storage value from "previous Powder River Basin groundwater modeling for the Powder

River Basin Coal Review," and citing the same 2014 report. AR12179. That 2014 report, however, lists specific storage values ranging from 0.78 E-08 to 1.20 E-07, which are off from BLM's 0.001 value by a factor of 10,000. Pls.' Reply in Supp. of Summ. J. Mot. & Resp. to Cross-Mots. for Summ. J., ECF No. 124 at 11 ("Pls.' Reply") (Table 2-2). There is, however, a 2006 report that includes a range of specific storage values between 6.4 E-08 through 0.11, *see* Private Defs.'-Intervenors' Combined Cross Mot. for Summ. J., ECF No. 121 at 9 (Table 4.2-5), which encompasses the 0.001 value used in the EIS.

### B. Procedural Background

Plaintiffs—two environmental advocacy groups—filed this action challenging the Project approval in September 2022. Compl., ECF No. 1. Powder River's mission is to "ensure responsible development of Wyoming's oil and gas resources," Decl. of Shannon Anderson, ECF No. 64-3 ¶¶ 5–6, and Western Watersheds Project seeks to "protect and preserve watersheds, native habitats, fish and wildlife, and other natural resources on public lands across the West," including in Wyoming, Decl. of Erik Molvar, ECF No. 64-6 ¶¶ 4–5. Plaintiffs allege that Defendants violated NEPA, the APA, the FLPMA, and the MLA in approving the Project and in approving hundreds of APDs based on the Project's approval. Am. Compl., ECF No. 44 ¶¶ 1, 112, 121–58.

Plaintiffs moved for a preliminary injunction, seeking to enjoin the Project and any further APDs pending the court's decision on the merits, ECF No. 64, and Energy Intervenors moved to dismiss, ECF No. 67, arguing in relevant part that Plaintiffs lacked standing. This court concluded that Plaintiffs have standing to challenge the Project itself, but not to challenge any specific APD. Mem. Op., ECF No. 105 at 12–16. It then denied the motion for a preliminary injunction, holding that Plaintiffs had not demonstrated a likelihood of success on

the merits or a likelihood of irreparable harm.  *Id.* at 18–30.  Plaintiffs moved for summary

judgment, and Defendants, Energy Intervenors, and Wyoming all separately cross moved.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 56(a), which typically supplies the legal standard on

summary judgment, does not apply to motions for summary judgment in APA cases "because of

the court's limited role in reviewing the administrative record."  *Coe v. McHugh*, 968

F. Supp. 2d 237, 239 (D.D.C. 2013).  Instead, the court must decide as a matter of law "whether

the agency action is supported by the administrative record and otherwise consistent with the

APA standard of review."  *Id.* at 240.  The APA standard of review similarly applies to NEPA,

FLPMA, and MLA claims because none of these statutes "provides a private right of action."

*Theodore Roosevelt Conservation P'ship v. Salazar*, 661 F.3d 66, 72 (D.C. Cir. 2011) (NEPA

and FLPMA); *see Amoco Prod. Co. v. Watson*, 410 F.3d 722, 727–28 (D.C. Cir. 2005) (MLA).

The court must be "highly deferential" to agency action, *Env't. Def. Fund, Inc. v. Costle*,

657 F.2d 275, 283 (D.C. Cir. 1981), only setting it aside if the action is "arbitrary, capricious, an

abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2).  The court may

not "substitute its judgment for that of the agency," but instead must consider whether "the

agency has relied on factors which Congress has not intended it to consider, entirely failed to

consider an important aspect of the problem, offered an explanation for its decision that runs

counter to the evidence before the agency, or is so implausible that it could not be ascribed to a

difference in view or the product of agency expertise."  *Motor Vehicle Mfrs. Ass'n of U.S. v.*

*State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) ("*Motor Vehicle Mfrs.*").  The plaintiff

bears the burden of establishing that the agency's action is invalid.  *Fulbright v. McHugh*, 67

F. Supp. 3d 81, 89 (D.D.C. 2014).

Although this court has already held that Plaintiffs have standing to challenge the Project approval at the motion to dismiss stage, Mem. Op. at 15–16, Wyoming raises the issue again at summary judgment, *see* Intervenor State of Wyoming's Cross Mot. for Summ. J. & Resp. Br. in Opp'n, ECF No. 120 at 6–20 ("Wyoming's Cross. Mot."). For the reasons set forth below, Wyoming's objections remain unpersuasive.

### A.     Article III Standing

#### i.     Legal framework

It is an "essential and unchanging part of the case-or-controversy requirement" that a plaintiff must establish Article III standing to sue in federal court. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing at summary judgment, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021); *accord Me. Lobstermen's Ass'n v. Nat'l Marine Fisheries Serv.*, 70 F.4th 582, 592 (D.C. Cir. 2023).

The associational standing doctrine allows environmental organizations to establish standing by demonstrating that "(a) its members [or any one of them] would otherwise have standing to sue in their own right; (b) the interests [the entity] seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *United Food & Com. Workers Union Loc. 751 v. Brown Grp.*, 517 U.S. 544, 553 (1996) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977)).

The first standing requirement is injury in fact. "Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold

defendants accountable for legal infractions." *TransUnion LLC*, 141 S. Ct. at 2205.

Consequently, only "plaintiffs who have been concretely harmed by a defendant's statutory

violation may sue that private defendant over that violation in federal court." *Id.* In the

environmental context, that means that care and concern for the aesthetics or the well-being of

the environment alone does not suffice to establish injury in fact. *See id.* Typically, a plaintiff

challenging the effect of a ruling or decision on the environment must demonstrate "geographic

proximity to the action challenged" to establish injury in fact. *City of Olmsted Falls v. FAA*, 292

F.3d 261, 267 (D.C. Cir. 2002). Put another way, a plaintiff may establish standing to challenge

environmental harms by alleging "that they use the affected area and are persons 'for whom the

aesthetic and recreational values of the area will be lessened' by the challenged activity."

*Friends of the Earth, Inc. v. Laidlaw Env't. Servs.*, 528 U.S. 167, 183 (2000) (quoting *Sierra

Club v. Morton*, 405 U.S. 727, 735 (1972)); *accord Housatonic River Initiative v. U.S. EPA*, 75

F.4th 248, 265 (1st Cir. 2023) (post–*TransUnion LLC*).

The D.C. Circuit has found an injury in fact in several cases where plaintiffs have

aesthetic and recreational interests in specific areas of land or species that may be harmed by

agency action. *E.g.*, *Am. Fuel & Petrochemical Mfrs. v. EPA*, 937 F.3d 559, 593 (D.C. Cir.

2019) (aesthetic and recreational interest in observing whooping cranes); *Ctr. for Biological

Diversity v. EPA*, 861 F.3d 174, 183 (D.C. Cir. 2017) ("recreational, scientific, aesthetic,

educational, moral, spiritual and conservation interests" in "observing the Valley Elderberry

Longhorn Beetle in its natural California habitat"); *WildEarth Guardians v. Jewell*, 738 F.3d

298, 305–06 (D.C. Cir. 2013) (members had aesthetic interests in the land surrounding West

Antelope II tracts, where an agency had authorized mining that would increase "local air, water

and land pollution").

Because Plaintiffs allege "archetypal procedural injur[ies]," the second element of standing—known as traceability or causation—bears particular importance. *Am. Fuel & Petrochemical Mfrs.*, 937 F.3d at 592 (citation omitted). In the procedural injury context, a plaintiff "need not show that a harm to a member 'has in fact resulted from the [agency's] procedural failures,'" but rather that "there is a 'substantial probability'" that the challenged agency action caused the plaintiff's injury. *Id.* (citation omitted). This inquiry requires two causal links: one connecting the procedural deficiency to the substantive agency action, and another connecting that substantive agency action to the plaintiff's injury. *Ctr. for Biological Diversity*, 861 F.3d at 184. For the first link, "[a]ll that is necessary is to show that the procedural step was connected to the substantive result." *Massachusetts v. EPA*, 549 U.S. 497, 518 (2007) (citation omitted).

The final standing requirement—redressability—is "relaxed" in cases involving procedural injuries. *Ctr. for Biological Diversity*, 861 F.3d at 185. A plaintiff need only show that the agency revisiting its action "*could*" lead to "a different conclusion." *Id.*; *accord Jewell*, 738 F.3d at 306. The D.C. Circuit has found this requirement met where "[t]here 'remains at least the possibility that the [agency] could set a different standard[].'" *Am. Fuel & Petrochemical Mfrs.*, 937 F.3d at 595 (citation omitted).

*ii.    Plaintiffs have Article III standing*

As the court explained in ruling on Plaintiffs' motion for a preliminary injunction, Plaintiffs have associational standing. Mem. Op. at 15–16. Powder River submitted declarations demonstrating that at least two of its members—Maria Katherman and Shannon Anderson—regularly visit or live in the Project area. *See, e.g.*, Decl. of Maria Katherman, ECF No. 64-4 ¶¶ 2–3 (lives in the Project Area); Decl. of Shannon Anderson ¶¶ 3, 8, 10 (takes "regular field

trips to the project area" as part of his work and intends to "return in the months and years to come"). Consequently, Plaintiffs' members have established "geographic proximity to the action challenged." *City of Olmsted Falls*, 292 F.3d at 267. These members are also likely to suffer concrete harms from drilling in the project area, including water contamination, Decl. of Maria Katherman ¶ 21, destruction of wildlife in the area, Decl. of Shannon Anderson ¶ 17, and negative effects on air quality, *id.* ¶ 20. *Accord, e.g.*, *Jewell*, 738 F.3d at 305–06.

These injuries are "fairly traceable" to Defendants' alleged violations of environmental and administrative statutes. *See Lujan*, 504 U.S. at 560–61 (citations omitted). For example, BLM's choice of specific storage value in the groundwater model likely caused the agency to underestimate the extent of the groundwater drawdown resulting from the Project. *See Ctr. for Biological Diversity*, 861 F.3d at 184; *infra* Section IV.B. And because it underestimated groundwater drawdown, BLM may have provided for fewer mitigating measures than it would have otherwise in approving the Project, worsening Plaintiffs' environmental injuries. *See Ctr. for Biological Diversity*, 861 F.3d at 184. Plaintiffs' members' injuries are also redressable because, if the court vacates the Project approval, BLM "*could*" reach "a different conclusion" upon revisiting it. *See id.* at 185. Consequently, Plaintiffs have individual members with Article III standing.

The additional requirements for associational standing—that the interests Plaintiffs seek to protect are "germane to" their purposes and that the case does not require the participation of individual members—are easily satisfied. *See Brown Grp.*, 517 U.S. at 553. Powder River "works to protect landscapes, wildlife, and natural resources," in the Powder River Basin. Decl. of Shannon Anderson ¶ 3. By seeking a more thorough analysis of the Project's environmental impacts, Plaintiffs advance their goal of protecting the environment in the Project area. There is

also no indication that this case would benefit from participation of individual members. Individual participation "is not normally necessary when an association seeks prospective or injunctive relief for its members," but may be required "in an action for damages." *Brown Grp.*, 517 U.S. at 546 (citation omitted). This is a quintessential case for prospective relief—not damages. Am. Compl. Req. for Relief ¶¶ 1–7.

Wyoming first argues that Plaintiffs' members do not have standing because they have not suffered a groundwater-based injury. Wyoming's Cross Mot. at 10–11.[1] But Plaintiffs are not required to demonstrate an environmental injury that is precisely the same as the environmental impacts alleged by their procedural claim. As the D.C. Circuit explained in reversing the district court in *Jewell*, 738 F.3d at 307, requiring "that the specific type of pollution causing [plaintiffs'] aesthetic injury . . . be the same type that was inadequately considered in the []EIS" "sliced the salami too thin." Consequently, the Circuit held that plaintiffs' "aesthetic injury follows from an inadequate []EIS whether or not the inadequacy concerns the same environmental issue that causes their injury." *Id.* So too here.

Wyoming also argues that the remaining associational standing factors are not met because Plaintiffs' "declarations are ambiguous as to how their respective missions are relevant to groundwater users" and they "have not explained why 'neither the claim asserted nor relief requested' requires the participation of" individual members. Wyoming's Cross Mot. at 17–18. Again, Plaintiffs' missions need not be groundwater-specific for deficiencies in the EIS to be germane to those missions. *See Jewell*, 738 F.3d at 307. Moreover, Plaintiffs seek to protect the environment in the Powder River Basin, and groundwater is part of the environment. Finally,

---

[1] Wyoming also contends that Powder River member Leland Turner does not have Article III standing. Wyoming's Cross Mot. at 13–17. The court need not address this issue, however, because it finds that Anderson and Katherman have Article III standing.

individual member participation is not warranted in this case because Plaintiffs seek prospective and injunctive relief, not damages for its members.  *See Brown Grp.*, 517 U.S. at 546 (citation omitted).

> **B.     Prudential Standing**

"To establish prudential standing, plaintiffs generally must show that 'the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute.'"  *Grand Council of Crees (of Quebec) v. FERC*, 198 F.3d 950, 954 (D.C. Cir. 2000) (citation omitted).  This test "is not meant to be especially demanding."  *Id.* at 955 (citation omitted).  A plaintiff "who is not itself the subject of the agency action is outside the zone of interests only if its interests are 'so marginally related to or inconsistent with the purposes implicit in the statute that it cannot reasonably be assumed that Congress intended to permit the suit.'"  *Id.* (citation omitted).  This analysis is conducted "not by reference to the overall purpose of the Act in question, but by reference to the particular provision of the law upon which the plaintiff relies."  *Id.* at 956 (citation omitted).

The D.C. Circuit has explained that in NEPA cases, "the EIS requirement obviously seeks to protect environmental interests."  *Id.* at 959.  Thus, "aesthetic and environmental interests in the quality of public lands" where one "hikes, camps, fishes, etc.," are "plainly within the zone of interests protected by NEPA."  *Mountain States Legal Found. v. Glickman*, 92 F.3d 1228, 1236 (D.C. Cir. 1996).  The kinds of interests not plainly within NEPA's zone of interests, by contrast, are "purely economic" interests and those in "avoiding unnecessary delays, regulatory uncertainty, and considerable cost to their members."  *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 417 F.3d 1272, 1287 (D.C. Cir. 2005) (citation and quotation marks omitted).

Plaintiffs' injuries are plainly within NEPA's zone of interest.[2]  Powder River's mission is to ensure "responsible development of Wyoming's oil and gas resources," Decl. of Shannon Anderson ¶ 5, because this development "disturbs wildlife habitat and the prairie landscape," in addition to "noise, light, and visual impacts," including "truck traffic," *id.* ¶¶ 17–18.  Katherman, who is a member of Powder River's Board of Directors, also explained that she joined Powder River because she is "deeply concerned about the harmful effects of fossil fuel development on our health, wildlife, aquifers, air quality, and livelihoods."  Decl. of Maria Katherman ¶ 5.  These "aesthetic and environmental interests in the quality of public lands" are precisely within NEPA's zone of interests.  *See Mountain States Legal Found.*, 92 F.3d at 1236.

Wyoming again argues that Plaintiffs lack prudential standing because their members "do not allege an environmental interest associated with groundwater use."  Wyoming's Cross Mot. at 18–20.  But Wyoming has no support for its position that Plaintiffs' groundwater claims limit NEPA's zone of interests to only groundwater.  *See Jewell*, 738 F.3d at 307.  Wyoming's argument is unpersuasive; Plaintiffs have standing.

## IV.    NEPA

### A.    Legal Framework

"NEPA 'declares a broad national commitment to protecting and promoting environmental quality,' and brings that commitment to bear on the operations of the federal government."  *Sierra Club v. FERC*, 867 F.3d 1357, 1367 (D.C. Cir. 2017) (citation omitted).  As part of that commitment, NEPA requires agencies to prepare environmental documents for most proposed final agency actions.  42 U.S.C. § 4336(a).  NEPA does not, however, require

---

[2] Plaintiffs also claim violations of the FLPMA and the MLA (through the APA).  But the court need not determine whether they have prudential standing to bring these claims because it considers only the NEPA claim on the merits.  *Infra* Section IV.

agencies "to take one type of action or another." *Sierra Club*, 867 F.3d at 1367 (citation omitted).

The environmental document that is required depends on the proposed agency action's potential effect on the environment. An agency must "issue an environmental impact statement with respect to a proposed agency action . . . that has a reasonably foreseeable significant effect on the quality of the human environment." 42 U.S.C. § 4336(b)(1). But, if the agency action "does not have a reasonably foreseeable significant effect on the quality of the human environment," the agency "shall prepare an environmental assessment" instead. *Id.* § 4336(b)(2).

If an agency determines that an EIS is required, it must "take a 'hard look' at the environmental consequences of its actions, including alternatives to its proposed course." *Sierra Club*, 867 F.3d at 1367 (citing 42 U.S.C. § 4332(2)(C)(iii)). "The environmental effects that must be assessed include 'aesthetic, historic, cultural, economic, social, or health' effects." *Oglala Sioux Tribe v. U.S. Nuclear Regul. Comm'n*, 896 F.3d 520, 530 (D.C. Cir. 2018) (quoting 40 C.F.R. § 1508.8(b)) ("*Oglala Sioux Tribe I*"). "The overarching question" for the court reviewing the EIS is whether its "deficiencies are significant enough to undermine informed public comment and informed decisionmaking." *Sierra Club*, 867 F.3d at 1368 (citation omitted).

"To satisfy the APA's 'arbitrary and capricious' standard, an agency must 'articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made.'" *Owner-Operator Indep. Drivers Ass'n v. Fed. Motor Carrier Safety Admin.*, 494 F.3d 188, 203 (D.C. Cir. 2007) (quoting *Motor Vehicle Mfrs.*, 463 U.S. at 43). That means that the agency must "explain the assumptions and methodology used in preparing" any model used, *id.* at 204 (citation omitted), and "provide a full analytical defense" of any challenged

aspects, *Columbia Falls Aluminum Co. v. EPA*, 139 F.3d 914, 923 (D.C. Cir. 1998) (citation omitted). In doing so, the court may not "supply a reasoned basis for the agency's action that the agency itself has not given." *Owner-Operator Indep. Drivers Ass'n*, 494 F.3d at 206 (citation omitted).

Applying this framework, in *Eagle County, Colorado v. Surface Transportation Board*, 82 F.4th 1152, 1182 (D.C. Cir. 2023), the D.C. Circuit held that an EIS violated the APA because, in analyzing the effects of a new railway on downline rail traffic and accidents, the agency "relied on national freight train accident rates without explanation and assumed that loaded freight trains were as likely to derail as unloaded trains." By contrast, in *Appalachian Power Co. v. Environmental Protection Agency*, 249 F.3d 1032, 1052–53 (D.C. Cir. 2001), the Court held that the EIS did not violate the APA by relying on a computer model that may have underestimated growth rates for electric power generation because the EPA responded to the objections, explaining that the IPM "provides a reasonable forecast" of growth rates.

## B. Specific Storage Value

BLM used a "Groundwater Model Report" to assess the Project's effect on groundwater supplies. Plaintiffs claim this report "was rife with errors," causing a "serious underestimation of drawdowns." Mem. in Supp. of Pls.' Mot. for Summ. J., ECF No. 116-1 at 15 ("Pls.' Mot.").

Plaintiffs first claim that the model erroneously used a specific storage value of 0.001, rather than 0.00001, which minimized the risk of groundwater drawdown. The EPA's comment in response to the draft EIS noted that BLM used "what appears to be an unrepresentatively high specific storage value (by at least an order of magnitude)," which "may result in a substantial underestimation of both the magnitude and extent of drawdown caused by pumping." AR4651. BLM in turn explained that the "specific storage value was derived from previous Powder River

Basin groundwater modeling for the Powder River Basin Coal Review," and cited the 2014 report. AR12179. The Final EIS again cited the 2014 report as the source for the 0.001 specific storage value. AR12023. But the 2014 model lists specific storage values ranging from 0.78 E-08 to 1.20 E-07, Pls.' Reply at 11, which Defendants concede are off from 0.001 by a factor of 10,000. Consequently, BLM failed to articulate a "rational connection between the facts found and the choice made," *Owner-Operator Indep. Drivers Ass'n*, 494 F.3d at 203 (citation omitted), or "provide a full analytical defense" of its chosen specific storage value, *Columbia Falls Aluminum Co.*, 139 F.3d at 923 (citation omitted).

Defendants argue that BLM exercised its discretion to estimate the specific storage value of 0.001 based on a 2006 Powder River Basin report, the 2014 Powder River Basin report, and "available scientific literature." Defs.' Cross Mot. for Summ. J. & Resp. Br. in Opp'n, ECF No. 118 at 14 ("Defs.' Cross Mot."). This argument, however, is relevant to whether BLM will be able to substantiate this value on remand—*see infra* Section V—not whether it violated NEPA. Under the Supreme Court's decision in *SEC v. Chenery Corp.*, 318 U.S. 80, 95 (1943), "an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained." Put another way, the court must measure the EIS "by what [BLM] did, not by what it might have done." *Id.* at 93–94; *accord Owner-Operator Indep. Drivers Ass'n*, 494 F.3d at 206 (citation omitted). Here, BLM explained several times that its specific storage value of 0.001 was supported by the 2014 report, which it plainly was not.

C.    **Prejudicial Error**

The APA also instructs courts to take "due account" "of the rule of prejudicial error." 5 U.S.C. § 706. "The harmless error standard of the APA" does not impose a "particularly

onerous requirement." *Oglala Sioux Tribe I*, 896 F.3d at 535 (citation omitted).  Rather, this rule

reflects the principle that, "[i]f the agency's mistake did not affect the outcome, if it did not

prejudice the petitioner, it would be senseless to vacate and remand for reconsideration." *PDK

Lab'ys Inc. v. U.S. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004).  Plaintiffs need only make "a

colorable claim" that prejudice may have resulted from the agency's error.  *Sprint Corp. v. FCC*,

315 F.3d 369, 377 (D.C. Cir. 2003); *accord Shineski v. Sanders*, 556 U.S. 396, 410 (2009).

"Whether an error is prejudicial 'depends on a number of factors, including the closeness of the

case, the centrality of the issue in question, and the effectiveness of any steps taken to mitigate

the effects of the error.'"  *RadNet Mgmt., Inc. v. NLRB*, 992 F.3d 1114, 1124 (D.C. Cir. 2021)

(citation omitted).

     The D.C. Circuit has previously "applied the prejudicial error rule in the NEPA context

where the proposing agency engaged in significant environmental analysis before reaching a

decision but failed to comply *precisely* with NEPA procedures."  *Oglala Sioux Tribe I*, 896 F.3d

at 534 (citation omitted; emphasis in original).  For example, in *Oglala Sioux Tribe v. U.S.

Nuclear Regulatory Comm'n*, 45 F.4th 291, 300 (D.C. Cir. 2022) ("*Oglala Sioux Tribe II*"), the

Circuit held that an agency's failure to engage in NEPA's formal process for identifying the

necessary scope of environmental review was harmless because it engaged in informal processes

that "accomplished the same objectives," and plaintiff made "no argument that the failure

impacted the project's actual scope."

     Defendants claim BLM's reliance on the 2014 report in the Draft EIS, the Final EIS, and

in response to the EPA was a harmless "errant parenthetical citation."  Defs.' Reply in Supp. of

Cross Mot. for Summ. J., ECF No. 125 at 4 (citing AR12023).  The court disagrees.  As both the

EPA and Plaintiffs explain, the drastically higher specific storage value used by BLM may have

resulted "in a substantial underestimation" of groundwater drawdown.  AR4651.  To be sure, BLM may decide to keep its 0.001 specific storage value on remand and justify it by reference to the 2006 report or other evidence in the administrative record.  But, upon reconsideration, BLM also might choose to use a specific storage value that is closer to the values in recent data.

## V.    REMEDY

Under the APA, a "reviewing court *shall* . . . hold unlawful and *set aside* agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2) (emphases added).  Thus, "ordinary practice" "is to vacate unlawful agency action."  *Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 985 F.3d 1032, 1050 (D.C. Cir. 2021) (citation omitted); *accord Env't Def. Fund v. FERC*, 2 F.4th 953, 976 (D.C. Cir. 2021) (citation omitted) (vacatur is the "normal remedy").  Courts are "not without discretion," however, "to leave agency action in place while the decision is remanded for further explanation."  *Standing Rock Sioux Tribe*, 985 F.3d at 1050 (citation omitted).  *But see Comcast Corp. v. FCC*, 579 F.3d 1, 10–11 (D.C. Cir. 2009) (Randolph, S.J., concurring) (arguing that, under the plain text of the APA, courts must vacate any unlawful administrative action).

Defendants request that, should the court grant Plaintiffs' motion, it order additional briefing on remedy.  Defs.' Cross Mot. at 53–54.  Wyoming concurs.  Wyoming's Cross Mot. at 39.  Although Energy Intervenors and Plaintiffs have briefed remedy to some extent, the court would benefit from all parties briefing on the issue of whether vacatur is warranted in this case, bearing in mind the nature of BLM's NEPA violation.  Consequently, the court will order the parties to submit supplemental briefs addressing whether the court should vacate the Project approval pending remand.

Plaintiffs have also requested that the court enjoin BLM from approving any APDs based on the deficient EIS "to preserve the status quo until it determines the appropriate final remedy." Pls.' Reply at 69. The Tenth Circuit took this approach in a similar case, reasoning that "any new APDs based on [deficient] documents" would be legally "invalid." *Diné Citizens Against Ruining Our Env't v. Haaland*, 59 F.4th 1016, 1050 (10th Cir. 2023). Neither Defendants nor Intervenors oppose this request. The court will therefore enjoin further APD approvals based on the Project EIS while it decides whether to vacate the Project approval pending remand.

## VI.    CONCLUSION

For the foregoing reasons, the court will GRANT in part Plaintiffs' Motion for Summary Judgment, ECF No. 116, DENY Defendants' Cross Motion for Summary Judgment, ECF No. 118, DENY Energy Intervenors' Cross Motion for Summary Judgment, ECF No. 121, and DENY Wyoming's Cross Motion for Summary Judgment, ECF No. 123. The court will also order additional briefing on remedy and enjoin further APD approvals based on the deficient EIS until the court rules on remedy. An Order will accompany this Memorandum Opinion.

Date: September 13, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge